CARL LUNDKVIST, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF WILLARD LUNDKVIST, DECEASED, PLAINTIFF, v. ERIE RAILROAD COMPANY, NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, AND FRANK BARTON, DEFENDANTS.

Argued October 26, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Alexander Simpson.*

*Contra, Hobart & Minard.*

PER CURIAM.

The verdict in this case was for the defendant, and plaintiff has a rule for new trial. The reasons urged for making the rule absolute are that the verdict is against the weight of the evidence, that the court improperly charged the jury that there was no duty on the part of the railroad company to maintain safety gates or flagman at the crossing, and that plaintiff's right to recover rested solely on the failure to give the statutory warning of the approach of the train.

The complaint in its present form is probably insufficient to invoke the basis of liability dealt within the case of Pennsylvania Railroad Co. *v.* Matthews, and if that be true the learned trial judge properly limited plaintiff's right to recover to the alleged failure to give the statutory signals, but

without passing on this point, we think the verdict must be set aside on the weight of evidence as to the giving of these signals. It clearly appears that the crossing is in a closely built up section of the township of Hackensack and that it is extremely dangerous by reason of the presence on the company's property of a building used by the American Railway Express Company which obscures the travelers' vision down the railroad until almost on the tracks. Moore street is a much used public highway. It was incumbent on the railroad company to comply with the statute as to crossing warnings. This required that a whistle be sounded at intervals or a bell of specified weight be rung at a distance beginning three hundred yards from the crossing and continuing until the crossing is reached. 4 *Comp. Stat.*, § 4236.

The situation was one calling for careful compliance with the statutory warning. As to this six witnesses for the plaintiff testified that no signals were given in the vicinity of the crossing, and while a number of witnesses called by the defendant testified that they heard signals, the signals mentioned were too far distant from the crossing to be of value to one approaching in an automobile. The customary warning of two long and two short blasts of the whistles, as testified to have been given, may or may not be a compliance with the obligation imposed by the statute. In this day when both train and motor vehicle approach crossings at high speed, unless the bell or whistle is sounded as required by law until the crossing is reached there is grave danger that the warning will be ineffective and fall short of accomplishing the legislative purpose. That the whistle was blown at Main street, two hundred feet west of Moore street, as testified by several of defendants' witnesses, it is needless to say is not compliance with the statute.

The verdict is so clearly against the weight of the evidence as to require re-submission of the case. If the plaintiff desires to prove the existence of conditions created by the company from which a duty to afford additional safeguards at the crossing existed, he should be allowed to amend the complaint to permit such proof.

The rule for new trial is made absolute.